```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

VLADIMIR LI,                      )
             Petitioner,          )
                                  )
     v.                           )
                                  )      C.A. NO. 12-12347-DPW
                                  )
THOMAS HODGSON, ET AL.,           )
             Respondents.         )
```

MEMORANDUM AND ORDER

For the reasons set forth below, the Court denies the petition for writ of habeas corpus and grants respondents' request to vacate ex parte stay and for dismissal of the petition.

BACKGROUND

On December 18, 2012, Petitioner Vladimir Li, through counsel, filed an Emergency Petition for Writ of Habeas Corpus and a Complaint for Declaratory and Injunctive Relief. See Docket No. 1. Petitioner brings this habeas action pursuant to 28 U.S.C. § 2241 and seeks declaratory and injunctive relief pursuant to 5 U.S.C. § 701 (the Administrative Procedures Act); 8 U.S.C. § 1101 (the Immigration and Nationality Act); 28 U.S.C. § 2201 (the Declaratory Judgment Act) and 28 U.S.C. § 1651 (the All Writs Act). Id. Petitioner seeks (1) release from custody, (2) an order enjoining the government from removing him from the United States, and (3) an order for the government to join in petitioner's efforts to reopen removal proceedings to permit him to seek adjustment of status to permanent resident. Id.

Petitioner is a citizen of Uzbekistan who is now detained at

the Bristol County House or Correction.[1]  *Id.* at ¶¶ 2, 7.  Li lawfully entered the United States in 2002 and overstayed his visa.  *Id.* at ¶¶ 13-14.  In 2006, his request for asylum and withholding of deportation was denied and he was ordered deported from the United States.  *Id.*  His appeal to the Board of Immigration Appeals ("BIA") was denied on March 22, 2012.  Li's Application for Stay (Form I-246) was rejected on August 29, 2012.  *Id.* at ¶¶ 17-18.  Li's wife filed an N-400 application for naturalization, *id.* at ¶ 20, and Li intends to become the beneficiary of an approved I-130 Immigrant Relative petition filed by U.S. citizen daughter,[2] which will provide him with an immediately available immigrant visa.  *Id.* at ¶ 21.

By Endorsed Order dated December 18, 2012, Judge Saris entered an endorsed order staying Li's removal for ten days or until the undersigned has the opportunity to review the petition. *See* Docket No. 5, Endorsed Order (Saris, D.J.).

Now before this Court is the Respondents's Opposition to Plaintiff's Request for Stay and Their Request to Vacate Ex Parte Stay and For Dismissal of the Petition.  *See* Docket No. 7.  The Government correctly notes that this action is subject to dismissal for lack of subject matter jurisdiction.

---

[1] By decision dated November 5, 2012, United States Immigration and Customs Enforcement ("USCIS") determined that Li will not be released from custody.  *See* Decision to Continue Detention, Exhibit B.

[2] The petition states "U.S. citizen daughter" and it is unclear whether Li intends to be the beneficiary of a petition filed by his spouse or perhaps a daughter.

2

DISCUSSION

I   Habeas Claim

To the extent Li seeks habeas relief pursuant to 28 U.S.C. § 2241, this Court is without jurisdiction.  In the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302 (2005), Congress amended the statutes providing for review of removal orders to severely circumscribe this Court's subject matter jurisdiction.  See 8 U.S.C. § 1252(a), (b)(9) and (g).  By way of those amendments, Congress stripped this court of jurisdiction to entertain challenges to the validity of removal orders, whether direct or vicarious, providing that the courts of appeals shall have exclusive jurisdiction over such claims.

Moreover, Congress has explicitly amended 8 U.S.C. § 1252(b)(9), to preclude subject matter jurisdiction predicated upon 28 U.S.C. § 2241.

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9).  See also Aquilar v. ICE, 510 F.3d 1, 9 (1st Cir. 2007) ("As its text makes manifest, that proviso was designed to consolidate and channel review of all legal and factual questions that arise from the removal of an alien into

3

the administrative process, with judicial review of those decisions vested exclusively in the courts of appeals."); Ishak v. Gonzales, 422 F.3d 22, 29 (1st Cir. 2005) ("The plain language of these [REAL ID Act] amendments, in effect, strips the district court of habeas jurisdiction over final orders of removal, including orders issued prior to the enactment of the REAL ID Act ... Congress has now definitively eliminated any provision for [habeas] jurisdiction.").

Section 1252(b)(9) deprives this Court of jurisdiction to review "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien." 8 U.S.C. § 1252(b)(9).  Thus, there is no review of orders of removal, or any claim "arising" therefrom, outside of the Courts of Appeals.  To the extent that the present Petition seeks to challenge the validity of removal proceedings against Li (whether directly or indirectly), it clearly "arises out of" an "action taken . . . to remove an alien."  By the plain language of 8 U.S.C. § 1252, only the First Circuit Court of Appeals has jurisdiction to entertain that claim. Id.; see also 8 U.S.C. § 1252(a)(5).

The REAL ID Act does not preclude a district court from entertaining a habeas petition brought by an immigration detainee who claims that his detention is unlawful for reasons unrelated to the validity of a removal order or execution thereof.  See Hernandez v. Gonzales, 424 F.3d 42, 42–43 (1st Cir. 2005) (REAL

ID Act did not preclude habeas review "over challenges to detention that are independent of challenges to removal orders" (quoting H.R. Cong. Rep. No. 109-72, at 2873 (May 3, 2005))). However, that is not the case here.

    II   <u>Due Process Claim</u>

To the extent petitioner alleges that his right to substantive and procedural due process has been violated, petitioner's claims do not provide a basis for this Court to exercise jurisdiction. As a condition precedent to stating a credible due process claim, petitioner must possess a cognizable liberty or property interest at stake. <u>See</u> <u>Chi v. Holder</u>, 606 F.3d 6, 10 (1st Cir. 2010) (citations omitted). Respondent argues that petitioner has not identified any such right or interest. <u>See</u>, Respondent's Opp., Docket No. 7, note 3. The Court agrees.

Here, petitioner argues that due process requires a stay of removal pending adjudication of his wife's naturalization application. The petition also references a non-citizens right to competent representation at his own expense. However, petitioner has not shown that the interest at stake is one protected by the Constitution or created by statute. Here, Li is not in a position to file an application for adjustment of status. Moreover, as noted by respondent, in the First Circuit, there is no constitutional right to remain in the United States to pursue an application for adjustment of status in the face of a deportation or exclusion order. <u>See</u> <u>Silverman v. Rogers</u>, 437

F.2d 102, 107 (1st Cir. 1970) (rejecting argument that government's refusal to allow alien wife of U.S. citizen to reside in U.S. would deprive them of their constitutional rights); Smith v. Immigration and Naturalization Service, 684 F. Supp. 113, 118 n.2 (D. Mass. 1988).  Thus, petitioner's due process claim fails.

    III   Administrative Procedure and Declaratory Judgement Acts

    The Declaratory Judgement Act is not an independent basis for jurisdiction.  See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Schilling v. Rogers, 363 U.S. 666, 677, 80 S.Ct. 1288, 4 L.Ed.2d 1478 (1960); Fox v. Lappin, 441 F. Supp. 2d 203, 207 (D. Mass. 2005).  Since the Declaratory Judgement Act does not provide the Court with independent jurisdiction, the Court will examine whether federal question jurisdiction exists under the provisions of the Administrative Procedure Act).  Rhoades v. Avon Products, Inc., 504 F.3d 1151, 1157 (9th Cir. 2007).

    To the extent petitioner seeks relief pursuant to the Administrative Procedures Act ("APA"), such claim fails.  The APA creates standards of judicial review to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(a); See also Brock v. Pierce Country, 476 U.S. 253, 260, 106 S.Ct. 1834, 90 L.Ed.2d 248 (1986) (APA permits district court to compel agency action).  However, the APA "does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." Califano v. Sanders, 430 U.S. 99, 107,

97 S.Ct. 980, 51 L.Ed.2d 192 (1977); see e.g. <u>Okpoko v. Heinauer</u>, 796 F.Supp.2d 305, 315 (D.R.I. 2011) (refusing to exercise jurisdiction under APA to review agency's denial of the plaintiff asylee's petition for wife because APA did not confer jurisdiction alone).

While the APA does not create subject matter jurisdiction by itself, federal courts can utilize the APA in conjunction with other statutes to give the court jurisdiction to compel action from a government agency unlawfully withheld or unreasonably delayed. <u>See</u> <u>Norton v. Couth Utah Wilderness Alliance</u>, 542 U.S. 55, 64, 124 S.Ct. 2372, 159 L.Ed.2d 137 (2004). Here, Li cannot complain that there is a delay in processing his application for adjustment of status because he has not yet filed one. Such application is contingent on his spouses application for naturalization. Such claim or request appears to be premature.

The petition alleges that Li is in the process of filing a motion to reopen with the BIA. <u>See</u> Petition, ¶ 12. As noted by the Government, Li can equally file a request for stay with the BIA in conjunction with his motion to reopen. <u>See</u> Docket No. 7, note 2.

    IV   <u>Stay of Removal</u>

Although the REAL ID Act does not preclude a district court from exercising jurisdiction over constitutional claims or questions of law which do not challenge a final order of removal, in this action, retaining jurisdiction would violate the jurisdiction stripping provisions of the REAL ID Act. <u>See</u>

supra., § I.  Thus, the temporary stay of removal will be vacated.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is denied, respondents' request to vacate ex parte stay and for dismissal of the petition is granted and this matter is dismissed.

SO ORDERED.


December 27, 2012                    /s/ Douglas P. Woodlock
DATE                                 DOUGLAS P. WOODLOCK
                                     UNITED STATES DISTRICT JUDGE